UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO 10-80451-CIV-MARRA/JOHNSON

ARLENE WILSON,

    Plaintiff,

v.

TARGET CORPORATION, a foreign corporation
d/b/a TARGET,

    Defendant.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Plaintiff's Motion to Remand to State Court [DE 10] and Plaintiff's Motion for Leave to File Amended Complaint [DE 12]. The Court has carefully considered Plaintiff's motions, Defendant's response, and Plaintiff's reply, and is otherwise fully advised in the premises.

**I. Background**

Plaintiff Arlene Wilson ("Wilson") filed suit against Defendant Target Corporation ("Target") in Florida Circuit Court on January 25, 2010, alleging that Wilson had been injured on the premises of a Target store. Notice of Removal, DE 1, 17. Several months before, Wilson had sent a demand letter to Target detailing her medical bills and demanding $1.5 million in relief. *Id*. at 4. In her state court complaint, however, Wilson did not specify the exact amount of the damages she sought, but only plead that her damages were in excess of $15,000. *Id*. at 17, ¶ 1. Target sent a request for admissions to Wilson that asked whether her damages in this case would

1

exceed $75,000, and Wilson answered that she was unable to admit or deny that her damages would exceed that amount. DE 19, Ex. B. Based on both the pre-suit demand letter and Wilson's responses to the request for admissions, Target removed this action to federal court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.

Wilson now moves for remand to state court, asserting that (1) Target did not timely file its notice of removal; (2) Target has not shown by a preponderance of the evidence that the amount in controversy in this case is above the jurisdictional limit of $75,000; and (3) Wilson should be allowed to amend her complaint in order to join Ben Sirof, the manager of the Target store where Wilson was allegedly injured. In response, Target contends that (1) it timely filed for removal when it became clear that Wilson's damages would exceed $75,000; (2) Wilson's pre-suit demand letter and equivocal responses during the state court litigation show that her damages exceed $75,000; and that (3) joinder of Sirof is inappropriate in this case.

## II. Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court is authorized to assert its jurisdiction when the matter in controversy involves "citizens of a State and citizens or subjects of a different state" and "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Where the parties exhibit diversity of citizenship and the amount in controversy is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of the federal court system. 28 U.S.C. § 1441; *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 105 (11th Cir. 1994). Any doubt regarding the appropriateness of removal must be resolved against

2

accepting removal jurisdiction. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

### A. Timeliness

The time limit for a defendant to remove a civil case from state court is set forth in 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Courts have held that responses to request for admissions, settlement offers, and other correspondence between parties can be "other paper" under 28 U.S.C. § 1446(b). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (discussion of the judicial development of the term "other paper"); *see also Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000) (correspondence); *Wilson v. General Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989) (response to requests for admissions). Likewise, various courts have held that deposition testimony and transcripts also qualify as "other paper." *See, e.g., Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 465-66 (6th Cir. 2002); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir.1999); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). The definition of "other paper" is broad and may include any formal or informal

communication received by a defendant. *Yarnevic v. Brinks's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996); *see also* 14A Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3732 (1985) (courts give the term "other paper" an "embracive construction").

Documents qualifying as "other paper" trigger the time period for removal when they result from "a voluntary act of plaintiff" and make it clear that federal jurisdiction exists. *See Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 212 (5th Cir. 2002); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 487 (10th Cir. 1979). In this case, Wilson claims that Target's removal was untimely because it was filed over 60 days from the date that Target was served with the lawsuit. Because Target relies upon Wilson's $1.5 million pre-suit demand letter to support its assertion that the amount in controversy exceeds $75,000.00, Wilson argues Target knew this case met the requirements for removal when it was served with the complaint.  Therefore, Wilson claims Target's notice of removal should have been filed within 30 days of its receipt of the complaint.

As will be discussed more fully below, pre-suit settlement offers may not be determinative, in and of themselves, of the amount in controversy. *See Jackson v. Select Portfolio Servicing*, *Inc.*, 651 F. Supp. 2d 1279, 1281 n.1 (S.D. Ala. 2009).  Thus, when Wilson's complaint only alleged damages in excess of $15,000.00, the minimum jurisdictional amount required for Florida state courts of general jurisdiction, Target was justified in seeking record confirmation from Wilson, through discovery, that the amount in controversy actually exceeded the jurisdictional amount for a United States district court.  When Target received Wilson's response to its request for admissions, stating that she could not admit or deny the amount in controversy exceeded $75,000.00, Target was justified in considering that response an "other parer" within the meaning of 28 U.S.C. § 1446(b), from which it may first be ascertained that the

4

case was removable.

This is especially true in this case where Wilson argues in her motion to remand that "the presuit settlement demand should not be considered evidence for the purpose of determining whether the amount in controversy is in excess of $75,000. In her complaint, the Plaintiff only alleged that she was seeking damages in excess of $15,000.00." DE 10 at 4-5. If Wilson is urging this Court to consider her pre-suit demand as posturing or puffing, *see* DE 10 at 7, there is no just reason for Target to have considered the demand, in and of itself, sufficient notice that the amount in controversy exceeded $75,000.00.

Therefore, the proper triggering document is Wilson's equivocal response to Target's request for admissions. As Target's notice of removal was filed within 30 days of Wilson's response, the Court holds that removal was timely.

### B. Amount in Controversy

"[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000); *see also Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160 (6th Cir. 1993). The amount in controversy requirement is met by claiming a sufficient sum in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

A plaintiff's refusal to stipulate to the amount in controversy, standing alone, does not establish jurisdiction. *Williams v. Best Buy Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Similarly, pre-suit settlement offers may not be determinative, in and of themselves, of the amount in

controversy when they merely reflect puffing and posturing by a party. *See Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 n.1 (S.D. Ala. 2009). Courts have held, however, that pre-suit demand letters, coupled with a plaintiff's refusal to stipulate to alleged damages or to deny the information contained in the pre-suit demand, demonstrate that the amount in controversy in a case exceeds the jurisdictional limit. *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380-81 (M.D. Fla. 2009); *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, 2009 WL 1532129, *6-*7 (S.D. Fla. 2009); *Morock v. Chautauqua Airlines, Inc.*, No. 8:07-CV-00210-T17MAP, 2007 WL 1725232, *2-*3 (M.D. Fla. 2007).

Here, Target relies upon a detailed pre-suit demand letter combined with Wilson's noncomittal responses. Wilson's pre-suit letter delineates the extent of her injuries, the physicians who have treated her, and the medical care she received from each of those physicians. Wilson claims to have incurred in excess of $100,00.00 in medical expenses and estimates her future medical expenses will be over $1 million.  Because of this detail, the pre-suit demand can be considered reliable evidence that Wilson's damages will exceed $75,000. *See La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349-50 (S.D. Fla. 2009) (though demand was the only evidence in the record pertaining to damages, medical reports contained in the demand demonstrated damages would exceed $75,000). This Court views Wilson's refusal to admit the amount in controversy exceeds the jurisdictional amount of this Court as a deliberate attempt to circumvent a federal forum.  The Court therefore holds that Wilson's pre-suit demand, considered in conjunction with Wilson's intentionally equivocal response to Target's request for admissions and the unspecified damages in Wilson's complaint, demonstrates Target has shown, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000. *Devore,* 658 F. Supp. 2d at 1380-81.

### C. Permissive Joinder

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." 28 U.S.C. § 1447(e). A district court faced with the issue of whether to permit or deny the joinder of a non-diverse party has two options: (1) deny joinder or (2) permit joinder and remand the case to state court. *Ingram v. CSX Transportation, Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). The decision is committed to the sound discretion of the district court. *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).[1] Because the court's decision will determine the continuance of jurisdiction, the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum. *Hensgens*, 833 F.2d at 1182. Hence, the district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Rule 15 of the Federal Rules of Civil Procedure. *Id.*; *see also Kleopa v. Prudential Inv. Management, Inc.*, 2009 WL 2242606 (S.D. Fla. 2009).

In deciding whether to permit or deny joinder of a non-diverse defendant post-removal, the district court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. *Id*. In applying this balancing test, the district court should consider (1) the extent to which the purpose of the amendment is to defeat federal

---

[1] Although Hensgens was decided before the enactment of § 1447(e), the factors outlined therein continue to guide district courts in deciding whether to permit or deny joinder in removal cases.

7

jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182; *Mayes*, 198 F.3d at 462; *Duckworth v. State Farm Mutual Auto Ins. Co.*, No. 6:07-cv-2014-Orl-22DAB, 2008 WL 495380, at * 1 (M.D. Fla. Feb. 20, 2008); *Portis v. Wal-Mart Stores, Inc.*, No. 07-0557-WS-C, 2007 WL 33086011, at * 3 (S.D. Ala. Oct. 19, 2007); *Jones v. Rent-A-Center East, Inc.*, 356 F. Supp. 2d 1273, 1275 (M.D. Ala. 2005). The district court should balance the equities and decide whether the amendment should be permitted. *Hensgens*, 833 F.2d at 1182; *Mayes*, 198 F.3d at 462. A district court "should scrutinize that amendment more closely than an ordinary amendment" and should deny leave to amend unless strong equities support the amendment. *Smith v. White Consol. Industries, Inc.*, 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002) (citations omitted).

"In balancing the equities, the parties do not start out on an equal footing." *Sexton v. G & K Services, Inc.*, 51 F.Supp.2d 1311, 1313 (M.D. Ala. 1999). This is because of the diverse defendant's right to choose between a state or federal forum. *Bevels v. American States Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000). Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. *Id*. (citing *Hensgens*, 833 F.2d. at 1181). Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist. *Id*.

The Court finds that Wilson is seeking to add Sirof as a defendant for the sole purpose of destroying federal jurisdiction. This attempt to add a non-diverse defendant is consistent with Wilson's purposeful avoidance of admitting through discovery that the amount in controversy exceeds the jurisdictional amount of this Court. Even if Wilson may not have know that Sirof

8

had potential liability at the time suit was filed in state court, and if Wilson's attempt to add Sirof as a defendant may have been temporally close in time to the removal, there is no legitimate reason, other than to defeat jurisdiction, to add an employee of a fully solvent defendant as a party when the employer will be legally responsible for the acts of its agent. Thus, Wilson will not be prejudiced by the inability to add Sirof as a defendant in this case. If Sirof was in fact negligent, Target will be held responsible and Wilson will get full satisfaction of any judgment. Therefore, the Court concludes that the balance of the equities weighs against allowing the amendment which is designed to destroy complete diversity.

Upon review of the motions and the record, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion to Remand to State Court (DE 10) and Plaintiff's Motion for Leave to File Amended Complaint (DE 12) are **DENIED**.

(2) Plaintiff's Second Request for Hearing on Plaintiff's Motion for Remand (DE 25) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of September, 2010.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record