UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80451-CIV-MARRA

ARLENE WILSON,

    Plaintiff,

vs.

TARGET CORPORATION,
a foreign corporation, d/b/a
TARGET,

    Defendant.
_____/

**OPINION AND ORDER**

THIS CAUSE came before the Court on Defendant's, Target Corporation d/b/a Target, ("Target"), Motion for Summary Judgment [DE 63]. The motion is fully briefed and ripe for review. The Court has reviewed the motion, response, and reply, the entire file in this case, and is otherwise duly advised in the premises.

**I. Description of Plaintiff's Claim**

Arlene Wilson ("Wilson") initiated the present action against Target, alleging that on or about February 10, 2008, while inside a Target store, she slipped and fell on a transitory foreign substance [DE 1]. She further alleges that Target negligently maintained its store and breached its duty to the Plaintiff, thereby causing her to sustain permanent injuries. *Id.*

**II. Standard of Review**

Both parties have cited Florida Rule of Civil Procedure 1.510, rather than Federal Rule of Civil Procedure 56, as the rule guiding this motion. The Florida rule does not apply in this

1

federal case, and neither do the cited Florida cases discussing Florida's procedural summary judgment standard.

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56( c). The moving party bears the initial responsibility of showing the court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electr. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998) (citations and quotations omitted).

This Court may not decide a genuine factual dispute at the summary judgment stage.

*Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir.1989).

### III. Discussion

In the Motion for Summary Judgment, Target asserts there are "no facts upon which a jury could conclude that Target acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair or warning of its business premises" [DE 63]. Wilson, on the other hand, argues that there are genuine issues of material fact in dispute, and therefore summary judgment is inappropriate at this juncture [DE 67]. Wilson specifically asserts that she has provided sufficient evidence that, prior to her fall, a Target employee was aware of a liquid substance on the floor that caused her to slip and fall.

Based on the affidavits filed in support of the response and reply to the motion for summary judgment, there are genuine issues of material fact remaining in dispute. In Wilson's affidavit, she attests that, after she fell and while exiting the store, "a white male Target employee . . . stated to me that when he was looking at the surveillance camera he noticed a gentleman had spilled something on the floor in the area where I slipped and fell and did not bother telling anyone about it" [Wilson Aff. ¶ 4].

3

In contrast, Target employee Thomas Visztenvelt explained in his affidavit that the video camera surveillance coverage at the incident store did not include the aisle in which Wilson fell [Visztenvelt Aff. ¶ 6]. Visztenvelt also attested that it was impossible for any Target employee to see on camera an individual spill a drink in the aisle because there was no video camera coverage of the area [Visztenvelt Aff. ¶ 8]. In support of its motion, Target has also provided excerpts from Wilson's granddaughter's deposition in which she testified to the following:

> Q: What caused–why did your grandmother fall?
> A: Because someone must have spilled something on the floor.
> Q: Why do you say that?
> A: Because there was–when she slipped, she slipped in something.
> Q: Did you ever see anything on the floor?
> A: No.
> Q: Did you see anything on the floor before your grandmother fell?
> A: No.
> Q: Did you see anything on the floor after your grandmother fell?
> A: No, because she–it was–she was on her back.
> Q: So did you ever see anything on the floor at all?
> A: When she got up, she was dripping a little bit so yes.

[Deposition of Sarah Armento, DE 78-2, at 45]. Armento also testified as follows regarding the Target employee's statement:

> Q: Tell me everything that you recall that man saying to you, please.
> A: It looks like someone must have spilled something in the aisle.
> . . .
> Q: Do you know how he would know that?
> . . .
> A: Maybe because he seen my grandmother.
> Q: Did the man that you spoke to just before you left the store tell you that he had seen the accident?
> A: No.
> Q: Did the man that you spoke to just before you left the store tell you that he had seen anything on the floor?
> A: No.
> Q: Did the man that you spoke to before leaving Target tell you that he had seen what happened?
> A: No.

4

> Q: Did the man that you spoke to before you left the Target store tell you that all of this had been watched on a video surveillance camera?
> A: Not that I know of.
> Q: Did anyone ever tell you anything about any video surveillance cameras at all?
> A: Not to me.
> Q: Did anyone say anything about video surveillance cameras to anybody else.
> A: I don't know.

[Deposition of Sarah Armento, DE 78-2, at 65-66].

Visztenvelt's affidavit contradicts Wilson's testimony as it relates to the existence of a surveillance camera. Armento's testimony supports Wilson relative to the existence of a liquid substance that caused Wilson's fall ("When she got up, she was dripping a little bit."), and that the Target employee may have made an admission (Armento testified that the employee stated: "It looks like someone must have spilled something in the aisle."). Moreover, Armento's testimony does not completely contradict Wilson's testimony regarding the alleged statement as to the existence of a surveillance camera. Armento states that she does not know if the Target employee made the statement. She does not attest that the statement was not made. The credibility of the competing evidence and the inferences to be drawn therefrom are for a jury to decide. Thus, there remain genuine issues of material fact regarding whether there was a foreign substance on the floor which caused Wilson's fall, whether a Target employee saw liquid spilled and failed to report it. and whether a there was a surveillance camera overlooking the area of the store where Wilson fell.

The case at hand is therefore distinguishable from *Delgado v. Laundromax, Inc.*, --So.3d--, WL 2496658 (Fla.Dist.Ct.App. 2011), a slip and fall case cited by Target. In *Delgado*, the plaintiff testified that she saw water on the floor, but she did not know where the water had come from, did not see water anywhere other than where she slipped, did not know how long the

5

water was on the floor before she slipped, and could not identify anyone at the laundromat who knew there was water on the floor before she slipped. *Id.* at *3. The Third District Court of Appeal affirmed the trial court's order granting summary judgment in favor of the defendant because the plaintiff had failed to present any evidence that defendant had actual or constructive notice of the liquid on the floor of the laundromat that caused plaintiff to fall. *Id.* at *3-4. In this case, however, Wilson has attested that a Target employee admitted having notice of the liquid on the floor and took no action to correct it. Hence, there are genuine issues for trial regarding whether Target was negligent.

As genuine issues of material fact are evident on the face of the parties' affidavits and deposition testimony, summary judgment cannot be granted.

## Conclusion

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment [DE 63] is **DENIED**.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of September, 2011.

                                                                        _____
                                                                        KENNETH A. MARRA
                                                                        United States District Court

Copies furnished to:
all counsel of record